UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kennard Gay,                                                    Case No. 16-cv-643

        Petitioner

    v.                                                          MEMORANDUM OPINION

Christopher LaRose,

        Respondent

I.    INTRODUCTION

Before me are: (1) Respondent Christopher LaRose's motion to dismiss Petitioner Kennard Gay's § 2254 habeas petition as time-barred (Doc. No. 6); (2) Magistrate Judge David A. Ruiz's Report and Recommendation (Doc. No. 11); and (3) Petitioner Kennard Gay's objections to the R & R, asserted with the assistance of counsel. (Doc. No. 15).

II.    BACKGROUND

On September 10, 2011, Petitioner Kennard Gay shot and killed Melvin Coleman after Coleman threatened Gay's mother. At trial, Gay admitted to shooting Coleman, but asserted affirmative defenses of self-defense and defense of others to preclude conviction for the killing. The jury convicted Gay of murder with firearm specification and having weapons while under disability. Gay unsuccessfully appealed his conviction to the Ohio Court of Appeals and the Supreme Court of Ohio.

Gay, with the assistance of counsel, filed this § 2254 habeas petition on March 3, 2016. (Doc. No. 1). In the petition, Gay asserted two grounds for relief: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel. *Id.* Respondent Christopher LaRose moved to dismiss the petition as time-barred, claiming the petition was filed after the statute of

limitations expired. (Doc. No. 6). After briefing on the issue, Magistrate Judge David A. Ruiz recommended I dismiss Gay's petition since it was filed after the statute of limitations expired and may not be considered on the merits based on actual innocence.[1] (Doc. No. 11 at 6-8). Gay does not contest the procedural history outlined by the Magistrate Judge or the finding that his habeas petition was filed after the statute of limitations had elapsed. I, too, find these sections of the R & R to be accurate, and adopt them in full. (Doc. No. 11 at 1-8).

## III. STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). Therefore, the objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

---

[1] Although the R & R and Gay's objections refer to "equitable tolling," the substance is that of "actual innocence." Although both are means to the same end of having a tardy petition considered on the merits, the Supreme Court has distinguished the two. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013) (considering "actual innocence" to be "an equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed").

2

IV.     DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act establishes a one-year statute of limitations for filing a habeas corpus petition. 28 U.S.C. § 2244(d)(1). In this case, the limitation period ran from the time for direct review of his conviction and sentencing expired, or 90 days after the judgment of the Supreme Court of Ohio during which Gay could have filed cert with the Supreme Court— April 22, 2014. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from…the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Gay concedes that the statute of limitations expired on April 23, 2015, as recommended by Magistrate Judge Ruiz. But he objects to dismissal of his petition, filed on March 3, 2016, claiming actual innocence.

Under the law, actual innocence applies when a petitioner is "innocent of the charge for which he was incarcerated." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 452 (1986)). Here, Gay asserts that because of the affirmative defenses of self-defense and defense of others, he is actually innocent of the crime of murder. He bases this claim on his constitutional claims of ineffective assistance of trial and appellate counsel. Because his claim of actual innocence does not stand alone but is dependent on his constitutional claims, actual innocence serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (applying the actual innocence principle to the AEDPA statute of limitations).

Actual innocence is rarely found, applying only in extraordinary cases when a petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McGuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

3

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The new evidence need not be admissible under the Rules of Evidence. *Id.* at 327. Nor does the "new evidence" need to be newly discovered. *Id.* at 328. Instead, when evaluating actual innocence, the district court may "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 327-28. This must be done through the eyes of a reasonable juror who "would consider fairly all of the evidence presented" and "conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt." *Id.* at 329.

Gay supports his claim of actual innocence with "the fact that the alleged victim had recently been arrested with a gun in his possession" and Gay had knowledge of that fact when he shot Coleman. (Doc. No. 15 at 17). Gay contends that, had the jury heard this testimony, no reasonable juror could find that he had not acted in self-defense. But, as revealed by the transcript, the jury did hear that Coleman had been released from prison on the day before the shooting. (Doc. No. 10-6 at 176, 181, 187-90). Specifically, Coleman's "best friend" testified, "I never known [Coleman] for carrying no gun, but I know he went to jail because he did have one." *Id.* at 190. Because Coleman's jail time for possession of a gun was presented to the jury during trial, it is not "new evidence" that would support a finding of actual innocence.

Even if this evidence was completely excluded from the jury's consideration, this fact alone does not support a finding that "no reasonable juror" could have found Gay guilty as required for the application of actual innocence. As cited by Magistrate Judge Ruiz, the Ohio Court of Appeals found the jury had ample evidence to consider whether Gay had acted in self-defense and did not find the jury had "lost its way in rejecting Mr. Gay's affirmative defenses." *State v. Gay*, No. 26487, 2013 WL 5432856, at *3-*5 (Ohio Ct. App. Sept. 25, 2013). Briefly, the jury heard testimony from more than one witness about Coleman's threats to Gay's mother, both at her home and later at the location of the altercation, the dangerous state of the neighborhood, and Coleman's conduct during the altercation. Gay himself also testified about his fear for his and his mother's safety as well as

4

Coleman's actions that lead Gay to believe Coleman had a gun and was willing to shoot Gay or his mother. The jury also viewed video surveillance of the altercation. After reviewing the evidence presented and weighing the credibility of witnesses, the jury acquitted Gay of aggravated murder and convicted him of murder. Since the one piece of evidence put forward by Gay in this action is not new evidence and does not meet the "no reasonable juror" standard, I reject Gay's allegation of actual innocence.

V. CONCLUSION

Gay failed to file his § 2254 habeas petition within the statute of limitations. For the foregoing reasons, actual innocence does not apply in this case so I may not consider the petition on the merits. In concurrence with the recommendation of Magistrate Judge Ruiz, Gay's § 2254 petition is dismissed as time-barred, with prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge